Anne W. NIES, Respondent,

v.

TRINIDAD ASPHALT MANUFACTURING COMPANY, a Corporation, Appellant.

No. 22302.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1955.

Alexander, Harris, Welliver & Wayland, Columbia, J. R. Baker of Baker & Baker, Fulton, of counsel, for appellant.

John M. Cave, Fulton, for respondent.

SPERRY, Commissioner.

Mrs. Nies, plaintiff herein, sued defendant for damages on account of personal injuries suffered by her when a Ford automobile being driven by her collided with a panel truck being operated by an alleged employee of defendant. From a judgment for plaintiff in the amount of $5,000, defendant appeals.

Defendant contends that no case was made based either on primary or humanitarian negligence, that plaintiff was guilty of contributory negligence as a matter of law, and that there is no substantial evidence tending to prove that the operator of the panel truck was the agent, servant or employee of defendant at the time the collision occurred.

Ocie Creed was the owner of the panel truck and, prior to November 2, 1954, the day the casualty occurred, had been employed by defendant company at its asphalt plant located at the scene of the collision. He testified to the effect that he had been requested by his employer to use his truck in going after company mail, delivering water to employees, taking mail to the post office, and in performing other duties for his employer; that he kept time and material records for some truck drivers, assisted in making up pay rolls, and delivered some pay checks; that, on Sunday morning, November 2, 1954, he drove his truck to defendant's plant for the purpose of procuring pay checks to be delivered to various of defendant's employees; that, when he arrived, the office was locked; that, after a time, he drove to another point in an effort to find a foreman who would open defendant's office so that witness could perform his duties; that, failing to find someone who could unlock the office, he drove back to the plant where he expected that someone would arrive and open the office; that, as he approached defendant's plant, which is located on the west side of 54 Highway and is reached by a driveway leading west from the highway, he noticed an automobile behind him, traveling north at a speed of some 35 miles per hour; that he drove his truck entirely off the slab, onto the shoulder on the east side of the road, and stopped some 15 feet south of defendant's driveway; that the automobile passed him; that he watched it until it was some 200 feet north; that he saw no other traffic on the road; that he could then see to the north, to the curve; that he looked south, turned to the left, and proceeded across the highway to enter the driveway; that he drove in low gear at not more than

5 miles per hour; that he could have stopped the truck at any time, almost instantly; that, when the front of the truck was about ready to leave the west side of the highway, the collision occurred; that he did not see plaintiff's automobile until "it hit me"; that the truck was in motion when struck; that it was struck on the right front wheel; that it was headed due west. He stated that he did not receive his final pay check from defendant until several days thereafter, at the hospital.

Plaintiff testified to the effect that, the morning of November 2, she had her car serviced at Auxvasse, Missouri, and proceeded southward on 54 Highway; that, when she last remembered, she was driving at a speed of about 50 miles per hour, in the southbound lane; that the pavement was dry, visibility good; that she next remembered being out of the car and she had blood on her hands; that she had no recollection of seeing any vehicle on the road, or any highway signs, near the scene of the accident, warning of danger from trucks.

Mr. West, county surveyor, stated that defendant's plant is located on the west side of 54 Highway, slightly north of the crest of a low rise; that the highway is straight from that point northward for a distance of 662 feet, to the beginning of a curve, which point is 11.5 feet lower than is the driveway leading to the plant; that there are signs, warning of danger from trucks, located a short distance north of the driveway.

Other witnesses, including Trooper Cameron, testified to facts indicating that the collision occurred west of the yellow center line, in the southbound traffic lane; and that there were skid marks, beginning at the point of impact, running to each of the two cars at the point where each came to rest.

We have stated the facts adduced in evidence from the viewpoint most favorable to plaintiff, as we should do in this case. Helton v. Huckeba, Mo., 276 S.W.2d 78, 79. Viewed from that angle, plaintiff's evidence made a submissible case on the humanitarian theory of negligence.

When Creed parked his truck on the east shoulder of the highway, he was not in a position of danger, nor did he pose a danger to anyone traveling on the highway. He remained in that position, looking north along the highway, until a car had passed him and had reached a point 200 feet north of him. He said that he could see to the beginning of the curve, a distance of 662.8 feet from the driveway, onto which he intended to turn, and that he saw no vehicle on the road. He said that he then looked to the south and drove onto the highway, heading west. The jury could have found that he had proceeded some 30 to 35 feet when the impact occurred; that he was driving at a speed of 5 miles per hour; that plaintiff was driving at a speed of 50 miles per hour. That is the evidence, and the sole evidence, on the subject of speed and location of the vehicles immediately before and at the time of the collision.

The jury could have found that plaintiff was within from 300 to 350 feet of the driveway, and within full view of Creed when he put his truck in motion; that she was within a distance of from 150 to 200 feet when the truck entered upon the highway; and that Creed could have seen plaintiff's car at any time after entering the highway, if he had looked. Hilton v. Terminal R. Ass'n of St. Louis, 345 Mo. 987, 137 S.W.2d 520, 521. According to the evidence the passing vehicle was 200 feet north of him before he started his truck in motion, after which time he had to drive some 15 feet before reaching a point opposite the driveway; and the view was unobstructed for a distance of more than 300 feet before he started to turn. If he failed to look, he was negligent. If he looked and saw plaintiff's car (which fact the jury could have believed), he was negligent in failing to stop before entering the southbound traffic lane. He said that he could have stopped almost instantly. The jury could have inferred, from the evidence, that he had several feet in which he could have stopped safely, after entering the highway and before reaching the southbound traffic lane, and a few more feet thereafter before reaching the point where the collision occurred; that he could have seen plaintiff's approach, at a speed of 50 miles per hour, when she was within 50 to 60 feet of a point towards which he was driving, where a collision was virtually inevitable if he should fail to stop. See Banks v. Morris & Co., 302 Mo. 254, 267, 257 S.W. 482. It was for the jury to decide whether Creed looked and, if so, whether or not he saw or could have seen plaintiff, Hilton v. Terminal R. Ass'n of St. Louis, supra, in time thereafter, with safety to himself and his truck, to have stopped and, thereby, have prevented the collision.

Defendant offered testimony tending to prove that Creed was not, on the day the collision occurred, in its employ and engaged in its business. However, there was substantial evidence on behalf of plaintiff, tending to prove that Creed was, at the time of the collision, an employee of defendant and acting within the scope of his employment. We have referred to Creed's testimony relative to his employment by defendant and it is sufficient to establish, *prima facie*, the relationship of master and servant at the time the collision occurred. Margulis v. National Enameling & Stamping Co., 324 Mo. 420, 23 S.W.2d 1049, 1051. This question was for the jury, under the evidence, and we cannot declare, as a matter of law, that Creed was not the employee of defendant, acting within the scope of his employment. Corder v. Morgan Roofing Co., 350 Mo. 382, 166 S.W.2d 455, 458; Margulis v. National Enameling & Stamping Co., supra.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

The judgment is affirmed.

DEW, P. J., and BROADDUS, J., concur.

CAVE, J., not sitting.